UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:12-00197 |
| | ) | CHIEF JUDGE HAYNES |
| BRANDON RAY MALONE | ) | |

*ORDER: This motion is GRANTED. /s/ [signature] USDJ 8-9-13*

## MOTION TO AMEND OR CORRECT JUDGMENT

The defendant, Brandon Ray Malone, through undersigned counsel, moves pursuant to Rule 36 of the FEDERAL RULES OF CRIMINAL PROCEDURE, to amend or correct the judgment and commitment order and sealed statement of reasons entered into the record on August 7, 2013 (D.E. 45, 46), to reflect that the sentence of 87 months imprisonment is to run concurrently with Mr. Malone's state sentences in Davidson County Case numbers 2010-A-232 and 2010-D-3448. (Judgment, at pg. 2). At the sentencing hearing held on August 5, 2013, the Court, in its oral pronouncement of sentence, ordered that Mr. Malone's 87 month sentence run concurrently with his state sentences. Additionally, a clerical error exists on page 2 of the judgment which indicates that Mr. Malone shall surrender for service of sentence at the institution designated by the Bureau of Prisons, on or before 2:00 p.m. on September 4, 2013. Mr. Malone has been in the continuous custody of the U.S. Marshal's Service and has not secured his release under the provisions of 18 U.S.C. § 3142.

Rule 36 authorizes the Court to "at *any time* correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Since the Court orally pronounced during Mr. Malone's sentencing hearing that his sentence run concurrently with his state sentences, the failure to include this within his judgment and commitment order, is a clerical error, oversight or omission within the meaning of Rule 36 and